**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-21817-CIV-LENARD/TORRES

CONSENT MOTION

PLACE ST. MICHEL, INC., a Florida corporation d/b/a HOTEL PLACE ST. MICHEL; NEAL CORPORATION, a Florida corporation d/b/a RESTAURANT ST. MICHEL, and BATTLECREEK PROPERTIES, a Florida partnership,

    Plaintiffs

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTIONS TO DISMISS COUNT VI
OF AMENDED COMPLAINT AND TO STRIKE BAD FAITH
<u>ALLEGATIONS IN AMENDED COMPLAINT</u>**

This matter came before the Court upon Defendant Travelers Property Casualty Company of America's ("Travelers") Motions to Dismiss Count VI of Plaintiffs' Amended Complaint [D.E. 27] and to Strike Bad Faith Allegations in Amended Complaint [D.E. 28].[1] After considering the Motions, Plaintiffs' Response to the motion to dismiss, and Defendant's Reply thereto,[2] the Court grants Defendant's motion to dismiss and strikes

---

[1] The parties consented to have the undersigned Magistrate Judge render a final order on nearly all pretrial motions filed in this case, with the exception of summary judgment motions. [D.E. 14].

[2] Plaintiffs did not respond to the motion to strike bad faith allegations from the Amended Complaint. Although the failure to respond constitutes a basis for granting the motion to strike by default, *see* Local Rule 7.1.C, the Court nonetheless has considered the motion on the merits.

those allegations in Count VI that allege Defendant violated Emergency Order No. 83768-05-EO.  Further, if Plaintiffs wish to state a claim for violation of Florida Statute § 627.4133(3), they must amend their complaint as described in greater detail below, within ten (10) days from the date of this Order.  Finally, the Court grants Defendant's motion to strike the bad faith allegations in Count V from the Amended Complaint.

## I. *BACKGROUND*

Plaintiffs Place St. Michel, Inc., a Florida corporation d/b/a Hotel Place St. Michel ("Hotel St. Michel"), Neal Corporation, a Florida corporation d/b/a Restaurant St. Michel ("Restaurant St. Michel"), and Battlecreek Properties ("Battlecreek"), a Florida partnership (collectively, "Plaintiffs"), filed this action for damages and declaratory relief against Defendant Travelers in connection with an insurance claim for windstorm damage which resulted from Hurricane Wilma in October 2005.  The three Plaintiffs are all covered under one insurance policy issued by Travelers.

The following facts in the light most favorable to Plaintiffs are taken from the Amended Complaint (D.E. 22].  Plaintiffs Hotel St. Michel and Restaurant St. Michel owned and operated a hotel and restaurant, respectively, on property owned by Plaintiff Battlecreek. Am. Compl., ¶2.  Travelers issued Plaintiffs a "multiple coverage" insurance policy which provided coverage to the Plaintiffs' businesses during the period June 1, 2005, through May 31, 2006. *Id.,* ¶5.  The coverage included, among other things, property damage, "loss of business income and extra expenses," and damage to contents incurred within 12 consecutive months. *Id.,* ¶6.

On October 24, 2005, Hurricane Wilma caused substantial property damage to Plaintiffs' businesses, thereby triggering coverage under the Travelers policy. *Id.,* ¶7.  In addition, Hotel St. Michel and Restaurant St. Michel suffered loss of business income due

to the damage to the property from the hurricane. *Id.* Travelers has failed to fully compensate Plaintiffs for losses resulting from the hurricane. *Id.,* ¶¶11, 18, 22, 27.

Travelers notified Plaintiffs by letter that it would not renew their insurance coverage as of June 1, 2006. *Id.,* ¶¶31, 38. The reason provided for non-renewal was that "the insured risk presents an exposure to severe loss resulting from catastrophic events that is greater [t]han St. Paul Travelers is willing to assume." *Id.,* Ex. B [D.E. 22 at 105-106].

Plaintiffs's amended complaint states six claims against Travelers: Counts I and II for breach of contract with Battlecreek; Count III for breach of contract with Hotel St. Michel; Counts IV for breach of contract with Restaurant St. Michel; Count V for breach of contract and failure to renew the insurance policy as to all Plaintiffs; and Count VI for violation of Executive Order as to all Plaintiffs.

Travelers moved to dismiss Count VI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Travelers also moved to strike the allegations of bad faith claims handling included in Count V (specifically, in paragraphs 32, 33, and 37), and the two-page letter from Mr. Taintor to Stephen C. Fredrickson, Esq., with the Office of Insurance Regulation, dated April 17, 2006, that is attached to the Amended Complaint as an unnumbered, unreferenced exhibit. *Id.,* Ex. B [D.E. 22 at 104-105].

## II.  ANALYSIS

### A.  *Rule 12(b)(6) Motion*

#### 1.  *Legal Standard*

In analyzing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts alleged by the plaintiff are accepted as true."

*McCulloch v. PNC Bank, Inc.,* 298 F.3d 1217, 1220 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A motion to dismiss is granted only when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is… exceedingly low." *Financial Security Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1262 (11th Cir. 2006). However, where a plaintiff has not directly pled certain prerequisites to a cause of action, a court cannot assume that the plaintiff can prove such facts. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not, however, proper to assume that the Union can prove facts that it has not alleged.").

## 2. *Discussion*

    a.    <u>Emergency Order No. 83768-05-EO</u>

In Count VI of the Amended Complaint, which is titled "Violation of Executive Order," Plaintiffs allege that Travelers' nonrenewal of their insurance policy is a violation of Emergency Order No. 83768-05-EO (the "Emergency Order"). That order was issued by the Florida Department of Insurance Regulation pursuant to Fla. Stat. § 627.4133(d)(2) following a declared state of emergency in the State of Florida as a result of damage caused by Hurricane Wilma. The Emergency Order provides in pertinent part:

> An insurer may not cancel or nonrenew a personal residential or commercial residential property insurance policy covering a dwelling or residential property located in . . . Miami-Dade . . . Count[y] which has been damaged as the result of hurricane or wind loss resulting from Hurricane Wilma, for a period of 90 days after the dwelling has been repaired. . . .

*See* Am. Compl., Ex. B, Emergency Order at 3. By its terms, the Emergency Order is limited to certain types of policies: those for "personal residential" or "commercial residential" property which cover a "dwelling" or "residential property."

The Court concludes that Plaintiffs have not alleged any facts showing that their insurance policy was subject to the Executive Order. They failed to plead that their policy either expressly or impliedly was a "personal residential" or "commercial residential" policy, or that their property constituted a "dwelling" or "residential property." The Amended Complaint describes the subject property as a "hotel" and "restaurant." *See* Am. Compl., ¶ 2. It nowhere suggests that such property is a dwelling or residential property that is subject to the Emergency Order. Morever, Plaintiffs' insurance policy states that it provides "deluxe property coverage," "commercial general liability coverage," and "liquor liability coverage." *See* Am. Compl., Ex. A (D.E. 22 at 16); *see, e.g., Grossman v. Nationsbank*, 225 F.3d 1228, 1232 (11th Cir. 2000) (court may consider the pleadings and the exhibits attached thereto in considering a motion to dismiss). The policy does not mention "dwelling" or "residential property" coverage. A review of the policy merely reinforces the obvious; the property is used as a hotel and a restaurant, not as a dwelling or residence.

The Emergency Order does not expressly define the terms "personal residential," "commercial residential," "dwelling," or "residential property." Plaintiffs thus contend they are entitled to a judicial and/or jury determination as to whether a hotel and/or restaurant fall within the definition of these terms. *See* Plfs' Resp. at 4. Travelers agrees but argues that the Court must determine whether a hotel and restaurant constitute a dwelling or residential property. *See* Def's Reply at 2.

A court interprets an executive order in the same manner that it interprets a statute. *United States v. Abu Marzook*, 412 F. Supp. 2d 913, 922 (N.D. Ill. 2006) (citing

*Bassidji v. Goe*, 413 F.3d 928, 934 (9th Cir. 2005)). In that case, a "fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). Thus, in interpreting the meaning of the terms in the Emergency Order at issue here, the Court looks to the ordinary, common meaning of the terms in question. *FDIC v. Meyer*, 510 U.S. 471, 476 (1995) ("In the absence of such a definition, we construe a statutory term in accordance with its ordinary or natural meaning."). It also is proper for the Court to "look to similar statutes, the common law, and common sense to aid in the interpretation" of the undefined terms. *United States v. Porter*, 591 F.2d 1048, 1053 (5th Cir. 1979).

Florida Statute § 627.4025(1) defines "residential coverage" in the context of insurance rates and contracts, and that definition is instructive as a guide to determine the meaning of the undefined terms in the Emergency Order before the Court. This statute defines "residential coverage" as

> both <u>personal lines residential coverage</u>, which consists of the type of coverage provided by *homeowner's, mobile home owner's, dwelling, tenant's, condominium unit owner's, cooperative unit owner's*, and similar polices, and <u>commercial lines residential coverage</u>, which consists of the type of coverage provided by *condominium associations, cooperative associations, apartment building*, and similar policies, including policies covering the common elements of a *homeowners' association*.

Fla. Stat. § 627.4025(1) (emphasis supplied).

With this definition in mind, it is clear that Plaintiffs' insurance policy was neither a "personal residential" nor "commercial residential" property insurance policy. Further, this definition suggests, at least for residential properties, a requirement of residency of a longer duration than that typically provided by a hotel. Neither a hotel nor a restaurant are commonly and ordinarily understood to mean "dwelling" or "residential property."

In accordance with the plain meaning of the terms "personal residential" and "commercial residential," and "dwelling" and "residential property," in consideration of the definition of "residential coverage" found in a similar Florida insurance statute, and applying the plain language of the policy and the Executive Order, the Court holds that a hotel and restaurant do not fall within the meaning of the terms in the Emergency Order, and that Emergency Order No. 83768-05-EO therefore does not apply to Plaintiffs' insurance policy. That being the case, Plaintiffs have not stated a cause of action for violation of the Emergency Order. This portion of Count VI is hereby dismissed.

b.  Florida Statute § 627.4133(3)

Plaintiffs also claim in Count VI that Travelers' decision not to renew their insurance policy violated Fla. Stat. § 627.4133(3). Am. Compl. ¶46. This statute provides that "[c]laims on property insurance policies that are the result of an act of God may not be used as a cause of cancellation or nonrenewal," unless the insurer "can demonstrate that the insured failed to take action reasonably necessary as requested by the insurer to prevent recurrence of damage to the insured property." Travelers concedes that this allegation may state a cause of action. *See* Def's Reply at 3.

Travelers points out that, not only is this statutory provision incorporated into the insurance policy as a matter of Florida law, it is expressly incorporated into Plaintiffs' insurance policy.[3] Travelers suggests that the alleged § 627.4133(3) violation is better suited in Count V, entitled "Breach of Contract/Failure to Renew," because both the

---

[3]   This provision in the insurance policy states in paragraph 3 of the section entitled "Florida Changes-Cancellation and Nonrenewal":

> We may not refuse to renew this policy [] (a) [o]n the basis of property insurance claims that are the result of an act of God, unless we can demonstrate, by claims frequency or otherwise, that you have failed to take action reasonably necessary as requested by us to prevent recurrence of damage to the insured property.

statutory violation and the breach of contract/failure to renew claims rely on the same factual bases. Travelers states that it does not object to Count V being amended to specifically reference § 627.4133(3) or, alternatively, to Count VI being amended to properly state a cause of action for violation of this particular statute.

The Court agrees that the alleged violation of § 627.4133(3) is based on the same set of facts as those which form the basis of Plaintiffs' breach of contract/failure to renew claim. Indeed, in Count V, Plaintiffs cite the same policy provision noted above (paragraph 3(a) of "Florida Changes-Cancellation and Nonrenewal") that expressly incorporates the protections of § 627.4133(3). If Plaintiffs wish to include a claim for violation of this statute, they must amend their complaint to 1) include in Count V the allegation that Travelers violated § 627.4133(3) based on its failure to renew the insurance policy, or 2) amend Count VI to specifically state a cause of action for violation of § 627.4133(3). If Plaintiffs do decide to amend their complaint, they must do so within ten (10) days from the date of this Order.

### B. *Motion to Strike Bad Faith Allegations*

Travelers also moves to strike the bad faith claims handling allegations contained in Count V (specifically, paragraphs 32, 33, and 37), and the two-page letter from Mr. Taintor to Stephen C. Fredrickson, Esq., of the Office of Insurance Regulation which is dated April 17, 2006, and attached to the Amended Complaint as an unnumbered, unreferenced exhibit. *Id.*, Ex. B [D.E. 22 at 104-105]. These allegations and the letter were the subject of an earlier motion by Travelers to strike, which the Court granted at D.E. 19.

The basis of the motion to strike now before the Court is the same supporting the earlier motion: that an insured is not entitled to litigate a bad faith cause of action until such time as the underlying contract claim for insurance proceeds has been resolved

favorably to the insured. *See Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991). Plaintiffs have included identical bad faith allegations in the Amended Complaint, notwithstanding the Order striking them from the original Complaint. The Court now strikes these allegations, and the corresponding letter attached to the Complaint. Plaintiffs shall not restate these allegations if an amended complaint is filed following the entry of this Order.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that

1. Defendant Travelers Property Casualty Company of America's Motion to Dismiss Count VI of Plaintiffs' Amended Complaint [**D.E. 27**] is **GRANTED**, as set forth herein. Plaintiffs may amend their complaint to state a cause of action for violation of Florida Statute § 627.4133(3), as discussed above, within ten (10) days of the date of this Order.

2. Defendant Travelers Property Casualty Company of America's Motion to Strike Bad Faith Allegations in Amended Complaint [D.E. 28] is **GRANTED**, as set forth herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of April, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge